**James Winston HARRIS, Petitioner,**

v.

**Harold R. SWENSON, Warden,
Respondent.**

**No. 1232.**

United States District Court
W. D. Missouri,
Central Division.

Oct. 23, 1967.

James Winston Harris, pro se.

Norman H. Anderson, Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

### MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

Petitioner, an inmate at the Missouri State Penitentiary at Jefferson City, seeks to file a petition for a writ of habeas corpus *in forma pauperis.* Leave to so proceed will be granted.

The only federal claim alleged in the petition is that testimony of a police officer in regard to what petitioner did and did not say at the time of his arrest was admitted in evidence at petitioner's trial in alleged violation of the constitutional rules announced in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

It is clear that the Supreme Court of Missouri refused to consider the merits of the federal questions in petitioner's direct appeal, reported in State v. Harris, Mo.1967, 413 S.W.2d 244, 246. That court held that petitioner had not properly preserved the question for review. That court further determined that it did not deem it appropriate to consider the question presented under its "plain error" rule, Mo.S.Ct.Rule 27.-20(c), V.A.M.R.

Petitioner has not attempted to raise this federal question in a new Mo. S.Ct.Rule 27.26 proceeding. Because such a State court postconviction remedy is clearly available, it is apparent that petitioner has not as yet exhausted his available state court remedies. Application of the principles stated in White v. Swenson, W.D.Mo.1966, 261 F.Supp. 42, requires that the petition be dismissed without prejudice.

We assume that petitioner may raise his federal constitutional question in a motion to vacate sentence pursuant to Mo. S.Ct. 27.26, as amended. Rule 27.26(b) (3) states that trial errors affecting constitutional rights may be raised in a Rule 27.26 proceeding. We further assume that petitioner's failure to raise the question at his trial and the subsequent refusal of the Supreme Court of Missouri to consider the question on direct appeal will have no effect on petitioner's rights in a 27.26 proceeding.

If petitioner had exhausted his available State court remedies, the question of voluntariness of any confessions or admissions he may have made to a police officer would be cognizable in a federal habeas corpus proceeding. This *is true notwithstanding the fact that the* question was not raised at petitioner's trial and thus not preserved for direct appeal in the Supreme Court of Missouri. The Supreme Court of the United States in Fay v. Noia, 372 U.S. 391, at 428, 83 S. Ct. 822, at 843, 9 L.Ed.2d 837 (1963) stated:

> A defendant by committing a procedural default may be debarred from challenging his conviction in the state courts even on federal constitutional grounds. But a forfeiture of remedies does not legitimize the unconstitutional conduct by which his conviction was procured.

We only determine here that, under the factual circumstances presented, it is for the Supreme Court of Missouri to determine whether or not the *Escobedo* and *Miranda* question was in proper posture for determination on petitioner's direct appeal. It is also for that Court to determine the policy determinations implicit in requiring petitioner to present the question in a postconviction proceeding in the State trial court.

Petitioner may, if he elects to do so, file a motion to vacate sentence pursuant to Rule 27.26 in the Circuit Court for the City of St. Louis and appeal any adverse ruling on that motion to the Supreme Court of Missouri. Until that is done, this Court will not exercise its habeas corpus jurisdiction.

For the reasons stated, it is

Ordered that petitioner be, and is hereby, allowed to proceed *in forma pauperis;* it is further

Ordered that the petition for habeas corpus be, and is hereby, dismissed without prejudice.